■ In the Matter of ANDY Z., a Child Alleged to be Neglected. HONG LAI Z., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. [963 NYS2d 195]—

Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about June 8, 2010, which, to the extent appealed from as limited by the briefs, brings up for review a fact-finding determination that respondent father had neglected the subject child, unanimously reversed, on the law and the facts, without costs, the finding of neglect vacated, and the petition dismissed as against the father.

The Family Court's findings of neglect against the father,

based on two incidents, are not supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). The statutory test for neglect is " 'minimum degree of care'—not maximum, not best, not ideal—and the failure [to exercise that degree of care] must be actual, not threatened" (Nicholson v Scoppetta, 3 NY3d 357, 370 [2004] [emphasis omitted]). Here, the father's conduct during a sequence of events that resulted in the child being left home alone overnight, while not ideal, did not fall below the statutory minimum degree of care.

Regarding the second incident, an alleged domestic violence dispute between the parents, as the court noted, it is unclear what the child witnessed. In any event, this single incident, while unfortunate, was not, standing alone, so egregious as to support a finding of neglect (compare Matter of Eustace B. [Shondella M.], 76 AD3d 428 [1st Dept 2010], with Matter of Jeaniya W. [Jean W.], 96 AD3d 622 [1st Dept 2012]). Concur—Sweeny, J.P., Acosta, Román, Feinman and Clark, JJ.